UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONNIE WALTERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:14CV1241 HEA |
| | ) |
| SENSIENT COLORS, LLC., et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand, [Doc. No. 10]. Defendant Sensient Colors, LLC opposes the motion. For the following reasons, the Court concludes that federal diversity jurisdiction does not exist, and Plaintiff's motion to remand must be granted.

## Facts and Background

Plaintiff filed this action in the Circuit Court for the City of St. Louis, Missouri alleging employment discrimination under the Missouri Human Rights Act ("MHRA"). Plaintiff names as defendants Sensient Colors, Steve Barnhart and John Epperson. Complete diversity is lacking on the face of the petition because plaintiff, Barnhart and Epperson are all alleged to be citizens of the State of Missouri. Sensient avers in its notice of removal that it is a limited liability company whose sole shareholder, Sensient Technologies Corporation, Inc., is a

Wisconsin corporation, and is therefore a citizen of Wisconsin. Sensient removed the case to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a)(1), claiming that Barnhart and Epperson were fraudulently joined to defeat diversity and, therefore, their citizenship should be disregarded for purposes of diversity jurisdiction. The company argues that Barnhart and Epperson were fraudulently joined in that Plaintiff cannot state employment discrimination claims against them, and because Plaintiff did not name them in his charges of discrimination.

Shortly after the filing of the Notice of Removal, Defendants filed a motion to dismiss. Plaintiff did not oppose the motion to dismiss but filed this motion to remand, which is presently before the Court. The motion to remand asserts that complete diversity of citizenship does not exist because Plaintiff and defendants Barnhart and Epperson share Missouri citizenship. Plaintiff argues that he has claims against these individual defendants, and the fact he did not name them as his employer in his charges of discrimination does not preclude him from bringing claims against them under the MHRA. Defendants oppose remand for the reasons stated in the notice of removal.

For the following reasons, the Court concludes that Barnhart and Epperson were not fraudulently joined because it is arguable that Missouri state law might impose liability against them under the MHRA, even though they were not named

as Plaintiff's employer in his charges of discrimination. The Court further concludes that complete diversity of citizenship does not exist, and therefore it does not have subject matter jurisdiction over this action. Plaintiff's motion to remand will be granted.

Plaintiff alleges that he was employed by Sensient Colors from April 2, 2012 until December 13, 2013 as a maintenance mechanic in the Maintenance Department of Sensient Colors. According to Plaintiff's petition, Defendants Barnhart and Epperson were his supervisors. Plaintiff was allegedly the victim of an accident that occurred in a chemical reactor tank. Plaintiff reported the incident to Barnhart and was informed by Barnhart that if he reported the accident, Plaintiff would not be employed at Sensient any longer.

Plaintiff's work cart was hidden by a co-worker in April, 2013. Plaintiff complained to Epperson and Barnhart about the actions of his co-worker. Plaintiff also complained to the manager of the Maintenance Department. Plaintiff received disciplinary action in the form of a write up in response to his complaints.

On July 14, 2013, Plaintiff had an accident at work. Epperson directed Plaintiff to see a doctor and have a drug test. Bauer had had an accident, but was not directed to see a doctor or have a drug test. Bauer is Caucasian; Plaintiff is African-American.

In December, 2013, Plaintiff alleges Caucasian co-workers filed a false complaint against Plaintiff alleging he had threatened them.  Plaintiff protested the complaint.

January 23, 2014, Plaintiff filed a charge of discrimination in which he alleged that he was discrimination against based on his race. Plaintiff named as his employer "Sensient Colors, LLC."

The Missouri Commission on Human Rights ("MCHR") issued a right to sue notice on February 25, 2014.  On December 18, 2013, plaintiff filed suit in the Circuit Court of St. Louis City against Defendants. Plaintiff brings the following five counts against defendants: MHRA, race discrimination (Counts I, II and III); MHRA Retaliation (Count IV); and wrongful termination (Count V).

**Legal Standard**

For diversity jurisdiction to exist under 28 U.S.C. § 1332(a)(1) there must be complete diversity of citizenship between plaintiffs and defendants. *Buckley v. Control Data Corp.,* 923 F.2d 96, 97, n.6 (8th Cir.1991). "It is settled, of course, that absent complete diversity a case is not removable because the district court would lack original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 564 (2005) (cited case omitted). Where complete diversity of citizenship does not exist, 28 U.S.C. § 1447(c) requires a district court to remand the case to state court for lack of subject matter jurisdiction.

Fraudulent joinder is an exception to the rule that complete diversity of citizenship must exist both when the state petition is filed and when the petition for removal is filed. *Knudson v. Systems Painters, Inc.,* 634 F.3d 968, 976 (8th Cir.2011). "[A] plaintiff cannot defeat a defendant's 'right of removal' by fraudulently joining a defendant who has 'no real connection with the controversy.'" *Id.* (quoted case omitted). "The purpose of this exception is to strike a balance between the plaintiff's right to select a particular forum and the defendant's right to remove the case to federal court." *Id.* (cited source omitted).

"Ordinarily, to prove that a plaintiff fraudulently joined a diversity-destroying defendant, [the Eighth Circuit has] required a defendant seeking removal to prove that the plaintiff's claim against the diversity-destroying defendant has 'no reasonable basis in fact and law.'" *Knudson,* 634 F.3d at 977 (quoting *Filla v. Norfolk S. Ry. Co.,* 336 F.3d 806, 810 (8th Cir .2003)). Under this standard, "if it is clear under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Filla,* 336 F.3d at 810 (internal quotation marks omitted). Joinder is not fraudulent where "there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Id.* at 811.

As the Eighth Circuit explained in *Filla,*

> [T]he district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved. In making such a prediction, the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor. However, in its review of a fraudulent-joinder claim, the court has no responsibility to definitively settle the ambiguous question of state law.
>
> *Id.* at 811 (citations omitted). The Eighth Circuit instructed that "where the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question ... but simply to remand the case and leave the question for the state courts to decide.'"

*Id.* (quoting *Iowa Pub. Serv. Co. v. Medicine Bow Coal Co.,* 556 F.2d 400, 406 (8th Cir.1977)). In deciding whether joinder is fraudulent, the court may not step from the threshold jurisdictional issue into a decision on the merits. *Boyer v. Snap–On Tools Corp.,* 913 F.2d 108, 122 (3rd Cir.1990) (reversing district court's order denying remand), cert. denied, 498 U.S. 1085 (1991); see *Filla,* 336 F.3d at 811 ("Like the district court, we have no power to decide the merits of a case over which we have no jurisdiction.").

### Discussion

In order to pursue a claim under the MHRA, the statute requires that "[a]ny person claiming to be aggrieved by an unlawful discriminatory practice" must file a charge of discrimination "which shall state the name and address of the person alleged to have committed the unlawful practice and which shall set forth the particulars thereof." Mo.Rev.Stat. § 213.075(1). In addition, a "claimant must

exhaust administrative remedies by timely filing an administrative complaint and either adjudicating the claim through the MCHR or obtaining a right-to-sue letter." *Tart v. Hill Behan Lumber Co.,* 31 F.3d 668, 671 (8th Cir.1994)(citing Mo.Rev.Stat. §§ 213.075, 213.111(1)). "[A]dministrative complaints are interpreted liberally in an effort to further the remedial purposes of legislation that prohibits unlawful employment practices." *Id.*

In general, a plaintiff must exhaust administrative remedies by naming all of those alleged to be involved in the discriminatory behavior in the administrative charge. See *Hill v. Ford Motor Co.,* 277 S.W.3d 659, 669 (Mo.2009). But the failure to name a supervisor in the discrimination charge does not necessarily bar suit against the supervisor. *Id.* In the Hill decision, the Missouri Supreme Court wrote that the purpose of naming a party in the charge of discrimination is "to give notice to the charged party and to provide an avenue for voluntary compliance without resort to litigation, such as through the EEOC's conciliation process." *Id.* at 669 (citing *Glus v. G.C. Murphy Co.,* 562 F.2d 880, 888 (3rd Cir.1977)). It noted that "[t]hese requirements are met when there is a substantial identity of interest between the parties sued and those charged...." *Id.* According to the Missouri Supreme Court, determining whether a sufficient identity of interest exists requires consideration of the following factors:

> (1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the [administrative charge]; (2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the [administrative] proceedings; (3) whether its absence from the [administrative] proceedings resulted in actual prejudice to the interests of the unnamed party; [and] (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Id.* at 669–70 (citation omitted). In *Hill,* the Missouri Supreme Court reversed and remanded the cause of action to the trial court for it to "consider whether the factors permitting suit to proceed against [the individual], despite failure to join him during the administrative portion of the process, are satisfied." *Id.* at 670.

Under Missouri law, therefore, there are certain factual circumstances under which a plaintiff may pursue a claim against an individual defendant, even though that defendant was not named as an "employer" in the charge of discrimination. The analysis is fact intensive. In ruling on the motion to remand, the Court's "task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability upon the facts involved" and it must resolve all facts in the plaintiff's favor. *Filla*, 336 F.3d at 811. The Court finds that the issue of administrative exhaustion is therefore properly left to the state court for resolution.

Plaintiff alleges in his Petition that he was treated differently than a Caucasian employee and that Defendants Barnhart and Epperson were involved in the alleged discriminatory acts.

Moreover, Plaintiff named these individuals in his charge. A Missouri court might well determine that plaintiff may pursue his claims against these individual defendants. Although the issue is debatable, the Eighth Circuit has instructed that "where the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question ... but simply to remand the case and leave the question for the state courts to decide.'" *Id.* (quoting *Iowa Pub. Serv. Co. v. Medicine Bow Coal Co.,* 556 F.2d 400, 406 (8th Cir.1977)). *See Bock v. Liberty Restaurant Group,* No. 4:13–CV–781, 2013 WL 4504375, at *3 (E.D.Mo. Aug. 23, 2013)(J. Fleissig); *Hall v. Avis Budget Car Rental, LLC.,* No. 4:12–CV–738, 2012 WL 2191620, at *3 (E.D. Mo. June 14, 2012) (J. Fleissig); *Dones v. Sensient Colors, LLC,* No. 4:12–CV216, 2012 WL 1802438, at *3 (E.D.Mo. May 17, 2012) (J. Fleissig); *Huye v. Life Care Centers of* Am., Inc., No. 4:12–CV–111, 2012 WL 1605250, *3 (E.D.Mo. May 8, 2012) (J. Jackson); *Fernandez v. GMRI, Inc.,* No. 4:11–CV–244, 2011 WL 6884797, at *3 (E.D.Mo. Dec. 29, 2011) (J. Fleissig); *Jameson v. Gough,* No. 4:09–CV–2021, 2010 WL 716107, at *4 (E.D.Mo. Feb. 24, 2010) (J. Sippel); *Moss v. Defender Servs., Inc.,* 1:08–CV–88, 2009 WL 90136, at *3 (E.D.Mo. Jan.

14, 2009) (J. Shaw) (same); *Messmer v. Kindred Hosp. St. Louis,* No. 4:08–CV–749, 2008 WL 4948451, at *3 (E.D.Mo. Nov. 10, 2008); (J. Jackson); *Peterson v. Concentra, Inc.,* 4:07–CV–387, 2007 WL 1459826, at *2 (E.D.Mo. May 16, 2007) (J. Stohr); see also *Speraneo v. Zeus Tech., Inc.,* 4:12–CV–578, 2012 WL 2885592, at *6 (E.D.Mo. Jul. 13, 2012) (J. Ross.) (denying Rule 12 motion to dismiss); *Breidenbach v. Shillington Box Co., LLC,* 4:11–CV–1555, 2012 WL 85276, at *7 (E.D.Mo. Jan. 11, 2012) (J. Hamilton) (same); *Shivers v. City of University City,* 4:09–CV–630, 2010 WL 431791, at * 5 (E.D.Mo. Feb. 2, 2010) (J. Limbaugh Jr.) (same); but see *Warren v. Dr. Pepper/Seven Up Mfg. Co.,* 4:13–CV–526, 2013 WL 4507846, at *3 (E.D.Mo. Aug. 23, 2013) (J. Webber) (denying motion to remand); *Borders v. Trinity Marine Products, Inc.,* No. 1:10–CV–146, 2011 WL 1045560, at *1–2 (E.D.Mo. Mar. 17, 2011) (J. Autrey) (same, based on older case law).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand, [Doc. 10], Is granted.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of St. Louis City, Missouri.

Dated this 17th day of February, 2015.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE